# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0009V

|  |  |
|---|---|
| JOHN BLACK,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 3, 2025 |

*Sean Franks Greenwood*, The Greenwood Law Firm, Houston, TX, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On January 4, 2021, John Black filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered on October 31, 2019. Petition at 1-2.

The claim was dismissed, and Petitioner's fees request has been challenged on reasonable basis grounds. For the reasons discussed below, I find Petitioner is entitled to a fees award.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

I.     **Relevant Procedural History**

After the case's initiation, Respondent filed his Rule 4(c) Report arguing that compensation was not appropriate in this case. ECF No. 35. Specifically, he contended that Petitioner had failed to establish the pain onset needed for a Table SIRVA, or that he suffered the residual effects of his injury for more than six months. *Id.* at 7-10; *see* 42 C.F.R. § 100.3(a) XIV.B. (timing of first symptom) (2017); 42 C.F.R. § 100.3(c)(10)(ii) (required pain onset); Section 11(c)(1)(D)(i) (statutory six-month severity requirement). After further briefing by the parties, I dismissed the claim on May 22, 2023. ECF No. 44. Judgment entered on June 26, 2023. ECF No. 45.

On December 11, 2023, Petitioner filed a request for an award of $23,180.48 (representing $22,474.50 for fees and $705.98 for costs). Petitioner's Application for Attorneys' Fees and Costs at 14-15, ECF No. 48. In addition to arguing that the amounts sought were reasonable, he insists that "there existed reasonable basis and good faith to file his claim for a SIRVA injury caused by the October 30, 2019, flu vaccine." *Id.* at 8; *see* Section 15(e)(1) (requirements for an attorney's fees award in non-compensated cases). Emphasizing Petitioner's expenditure of "several hours investigating the reasonable basis for this claim," he insists that his "medical records provide sufficient evidence to establish reasonable basis." *Id.*

On December 21, 2023, Respondent filed a response, arguing "that [P]etitioner has failed to establish a reasonable basis for his claim, [and] . . . is not entitled to an award of fees and costs." Respondent's Response to Motion at 1, ECF No. 49. Emphasizing Petitioner's cessation of treatment in late January 2020 (*id.* at 9), less than three months post-vaccination, he contends that "objective evidence does not support [P]etitioner's claim that he suffered the sequelae of his alleged injury for more than six months after his vaccination." *Id.* at 10. He disputes Petitioner's assertion that counsel's diligence should be considered when ascertaining reasonable basis. *Id.* at 10.

Petitioner filed a reply on December 27, 2023, contending that he has provided sufficient evidence to meet the lower standard of reasonable basis. Petitioner's Reply to Response at 1, 4, ECF No. 50. Specifically, he relies on his sworn testimony, which he insists is corroborated by the medical records. *Id.* at 4.

II.    **Reasonable Basis**

A.    **Legal Standard**

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs

2

may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[3] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,*

---

[3] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

3

155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II")*, *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

### B.     Evidence Provided by Medical Records and Affidavits

This matter was resolved on the basis of the Act's "severity requirement." Vaccine Act Section 11(c)(1)(D)(i) requires the establishment of an injury and residual effects lasting for over six months after the date of vaccination. This is a threshold requirement for entitlement. *Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

Here, the record did not establish severity. There was evidence that Petitioner sought treatment for a vaccination-associated shoulder issue within six months of the vaccine's administration. Exhibit 2 at 9. By December 2019, Petitioner continued to complain of continued left shoulder pain. Exhibit 9 at 19. But an MRI performed in January 2020 did not reveal any full-thickness rotator cuff tear, evidence of tendinosis, or signs of bursitis. Exhibit 9 at 17. And while at this time Petitioner expressed the opinion that he might have experienced a SIRVA, the medical record does not reflect treater acceptance of the concept, and no further treatment was proposed. *Id.* at 12.

Thereafter, Petitioner obtained treatment for unrelated matters, and did not mention shoulder pain. *See,* e.g., Exhibit 4 at 2 (March 2020 urology visit). He in fact did

not again seek shoulder-specific treatment for over eighteen months (and well after this case's initiation), when shoulder pain was reported to his primary care physician in July 2021.[4] Exhibit 9 at 13-14. This period is the end of any medical record of efforts to treat shoulder pain – although Petitioner has also provided witness statements maintaining that his injury occurred and persisted. *See,* e.g., Exhibit 1 at ¶¶ 3, 4, and 8.

### C.  Existence of Reasonable Basis in this Case

I previously determined that the record in this case – reflecting symptoms and treatment through late January 2020, three months post-vaccination, and then a return for treatment in July 2021, eighteen months thereafter - was not sufficient to meet the higher standard for causation. Dismissal Decision, ECF No. 44. Although I usually would find such a gap in treatment too large to satisfy even the lower standard required for a fees award, there are several factors which dictate a different outcome in this case.

First, Petitioner was clearly experiencing ongoing shoulder symptoms at the January 21, 2020 visit. Exhibit 9 at 12-13. At that visit, his PCP opined that his symptoms should resolve, instructing him "to follow-up in the office should any *new* symptoms arise." *Id.* at 13 (emphasis added). Furthermore, it would have been unusual for Petitioner to mention any shoulder symptoms when seen by his urologist in March 2020. Thus, the *possibility* of severity existed, and could have been bulwarked with more evidence.

Although the MRI findings - revealing several alternative causes for Petitioner's symptoms, also weakens the strength of Petitioner's claim, they are not significant enough to prevent him from establishing reasonable basis. It was conceivable that the claim inconsistencies, related to both causation and severity, could have been resolved with additional evidence – whether provided by an expert, medical literature, or the record itself. Petitioner's inability to produce the evidence needed to satisfy the greater standard required to prevail on entitlement does not affect the feasibility of his claim.

Accordingly, this minimal evidence constitutes the level of proof required to establish reasonable basis – a standard far lower than the preponderance of evidence standard needed to meet the Vaccine Act's requirements for compensation. By the slightest margin, I find that Petitioner had a reasonable basis to file his petition in this case which continued until I dismissed his claim. And there is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

---

[4] Respondent notes that this visit occurred after a status conference held on June 24, 2021, during which counsel indicted Petitioner may not meet the six-month severity requirement. Rule 4(c) Report at 5 n.1.

5

### III.     Appropriate Amount to be Awarded

#### A.     Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

#### B.     Attorney's Fees and Costs

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Petitioner billed a reasonable amount of time using hourly rates previously approved for all attorneys and paralegals performing this work. ECF No. 47-2. He provided supporting documentation for all claimed costs. ECF No. 47-3. And Respondent offered no specific objection to the rates or amounts sought.

### Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Additionally, no reduction in the amount of attorney's fees and costs is warranted.

Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs and award a total of **$23,180.48 (representing $22,474.50 for fees and $705.98 for costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for**

**prompt disbursement.** The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.